# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas    New York, NY 10036-6710    212.336.2000    fax 212.336.2222    www.pbwt.com

April 28, 2014

William F. Cavanaugh, Jr.
(212) 336-2793
wfcavanaugh@pbwt.com

**BY ECF AND BY HAND**

Hon. Richard M. Berman
United States District Court Judge
500 Pearl Street
New York, NY 10007

Re: <u>Cramer v. The Calder Foundation et al. (14-CV-1375) (RMB)</u>

Dear Judge Berman:

   We have been substituted as counsel for defendants and respectfully submit this letter to request permission to move pursuant to Rules 9(b) and 12(b)(6) to dismiss all claims for relief. This case is scheduled for an initial pre-trial conference on April 30, 2104, and defendants' time to respond to the complaint has been extended by court order to May 8, 2014. Dkt. 10.

   <u>Summary of relevant allegations</u>. Plaintiff Patrick Cramer sues individually and as co-administrator of the estate of Gerald Cramer. Cmplt. ¶ 14. The estate is the alleged owner of a mobile allegedly created as a discrete artwork by the deceased artist Alexander Calder ("Calder"). Cmplt. ¶ 34. The estate requested the not-for-profit Calder Foundation ("Foundation") to issue a registration number for that mobile (allegedly to be followed by its sale as a registered Calder work). The complaint alleges that the Foundation has communicated to the estate that the mobile is only a fragment of a Calder work ("Red Among Black") -- and that Gerald Cramer misidentified the fragment as a discrete mobile and himself titled the fragment in the late 1940's "Eight Black Leaves" -- and has therefore refused to provide a registration number for the fragment. Cmplt. Ex. E. (The Foundation will deny that it refuses to provide a registration number to the estate; the Foundation is ready to do so but with a notation that it believes the mobile is only a fragment of a Calder work.)[1]

   <u>Application of *Thome* to all the estate's common law claims against all defendants</u>. The First Department's decision in <u>Thome v. The Alexander & Louisa Calder Foundation</u>, 70 A.D. 3d 88, 890 N.Y.S. 2d 16 (1st Dep't 2009) addresses the estate's claim for a mandatory injunction and a declaratory judgment of authenticity. That court held (1) that the owner of a purported Calder work cannot compel the Foundation's registration of the work, and (2) a court is not equipped to declare the authenticity of a work of art. 890 N.Y.S. 2d at 23.

---

[1] There is no claim asserted by Patrick Cramer as an individual. In addition, there is no allegation that he is authorized to bring suit without joining his co-administrator Mrs. Tania Grand D'Hauteville. <u>See</u> Cmplt. Ex. F at 1.1.

April 28, 2014
Page 2

<u>Thome</u> also addresses the estate's product disparagement and tortious interference claims. The estate's allegations that the defendants acted in their self interest (Cmplt. ¶¶ 63 and 89(vi)) preclude an interference claim. <u>Id.</u> at 29-30. As for disparagement, there is no allegation of an affirmative communication by any defendant to any third party. <u>Id.</u> at 28.[2] Second, <u>Thome</u> starts the commencement of the applicable one-year statute of limitations (N.Y. C.P.L.R. 215(3)) "after the elapse of a reasonable amount of time" after an owner requests a registration number but does not receive one. <u>Id.</u> at 23. The estate concedes it made a request in April 2012 (Cmplt. ¶ 63) and repeated its request on June 6, 2012. Cmplt. ¶ 99. That 60-day interval was the "reasonable amount of time" prescribed by <u>Thome</u>, and the one-year statute of limitations commencing on June 6, 2012 expired long before the estate brought suit in February 2014.

<u>Implausible allegations of defendants' violations of federal and state antitrust laws</u>. The complaint alleges the defendants have monopolized and restrained trade in the offer for sale of Calder artworks by refusing to issue a registration number for the estate's fragment, but the complaint fails to allege that the defendants have ever offered Calder artworks for sale. In addition, the complaint fails to allege the percentage of Calder artworks that are owned by the defendants that could be offered for sale. The few facts that are alleged establish that the Foundation owns a negligible share.[3] Without sufficient allegations of the defendants' holdings, it is not plausible that the estate can prove that defendants have the market power to force consumers to accept supracompetitive prices for the Calder works they allegedly own. <u>Capital Imaging Assocs. v. Mohawk Valley Med. Assocs.</u>, 996 F.2d 537, 547 (2d Cir. 1993) (defendants' market share below 10% in Section 1 case). Defendants also do not have Section 2 monopoly power. <u>U.S. v. Dentsply Int'l, Inc.</u>, 399 F. 3d 181, 187 (3d Cir. 2005) ("a share significantly larger than 55% has been required"). The estate's other Section 2 claims also require a large market share. <u>AD/SAT v. Associated Press</u>, 181 F. 3d 216, 229-30 (2d Cir. 1999) (attempted monopolization requires more than 33%) and <u>Bailey's, Inc. v. Windsor America Co., Inc.</u>, 948 F.2d 1018, 1032 (6th Cir. 1991) (conspiracy to monopolize requires more than 10%).

<u>The claims solely against the estate of Calder</u>. The plaintiff estate alleges "alternative" claims against Calder for breach of contract and fraudulent inducement. Those alternative claims fail because there is no plausible allegation of a sale by Calder to Gerald Cramer more than 60 years ago. The estate fails to attach any documentary evidence of a sale (<u>e.g.</u>, a contract, a payment relating to the fragment) or provide any factual allegations supporting the occurrence of a sale. Indeed, the complaint reveals that the estate does not have information that permits it to make a plausible allegation that there was a sale. <u>Compare</u> Cmplt. ¶¶ 125-126 (sale allegedly in 1948) <u>with</u> Cmplt. Ex. D (sale occurred in 1949) and Ex. F at "2.7" and "2.8" (fragment was reproduced "as soon as it had been acquired" in a catalogue dated 1950). (The 1950 catalogue (Cmplt. Ex. B) does not assist the estate because it does not speak to whether

---

[2] The estate's allegations about Christie's (Cmplt. ¶ 64) do not allege an affirmative communication.
[3] The complaint alleges that Calder's works sell for multiples of $1 million and that the estate's fragment is worth more than $1 million. Cmplt. ¶¶ 26 and 69. It also alleges there are more than 22,000 Calder works registered by the Foundation and that the Foundation's assets are $335 million. <u>Id.</u> at ¶¶ 32 and 49. Assuming all of the Foundation's assets are Calder works and that the average value of a work is $250,000, the Foundation owns approximately 6% of the registered works. If the Foundation's works have the same value as the estate's, the Foundation owns approximately 1.5% of the registered works.

April 28, 2014
Page 3

Gerald Cramer (an art dealer) had possession of Calder's works as owner or as Calder's consignee or bailee.)[4]

Second, the estate complains about the conduct of the Foundation in 2012. The operative events were in the late 1940's, and Calder died in 1976. Cmplt. ¶ 23. Nothing that the Foundation did in 2012 with regard to its opinion about the estate's fragment puts Calder in breach of his alleged 1948 contract with Gerald Cramer or reflects on Calder's alleged misstatements and deceptive intent prior to his death.

Third, the allegations are not sufficient to toll the applicable statutes of limitations. There is no allegation that Calder saw the photograph on page 44 of the 1950 catalogue much less than that understood that the fragment Gerald Cramer titled "Eight Black Leaves" had been taken from "Red Among Black." Compare Cmplt. ¶¶ 128 and 140. There is no allegation of any affirmative statement by Calder to Gerald Cramer about that 1950 catalogue. Indeed, the issue on Calder's mind in 1950 was obtaining the return of "Red Among Black" from the last person he believed had possession of his creation. Cmplt. Ex. F at "2.22."

Finally, the allegations of the fraud claim fail to satisfy Rule 9(b). There is no allegation whether the alleged misrepresentation from the now-deceased Calder to the now-deceased Gerald Cramer (Cmplt. ¶ 136) was oral or written. Nor can the estate allege the date of the alleged misrepresentation. In addition, there is no allegation that Calder had actual knowledge of Gerald Cramer's alleged belief that the fragment was a complete work and thereafter concealed information from Gerald Cramer.

Respectfully submitted,

*William F. Cavanaugh, Jr.*
William F. Cavanaugh, Jr.
*Counsel for defendants*

cc:   Michael A. Lacher
      Adam J. Rader
      *Counsel for plaintiff*

---

[4] Because the estate does not have plausible allegations of ownership, the estate does not have standing to bring any of the alleged claims against any defendant.