# E‍aton & V‍an‍W‍inkle LLP

3 P‍ark A‍venue, 16‍th F‍loor
N‍ew Y‍ork, N‍ew Y‍ork 10016

**MICHAEL A. LACHER.**
P‍artner

T‍elephone:(212) 779-9910
E‍mail:mlacher@evw.com

m‍ay 9, 2014

**BY ECF**

Hon. Richard M. Berman
United States District Court Judge
500 Pearl Street
New York, NY 10007

      Re**:**    <u>Cramer v. The Calder Foundation et al. 14-CV-1375 (RMB)</u>

Dear Judge Berman:

      We write in response to defendants' April 28, 2014 letter requesting Your Honor's permission to move to dismiss the complaint.

      The allegations in the complaint establish that the Calder mobile, which is the subject of this action, is a fully-integrated work of art sold directly from Alexander Calder to Gerald Cramer as a stand-alone work.  Defendants assert, without support, that the subject mobile is a fragment of a larger work and seek dismissal on that basis.  Defendants' request for permission to move to dismiss relies on a self-serving and conclusory interpretation of facts which are contradicted by the weight of the evidence presented in the complaint.  Accordingly, plaintiff respectfully submits that defendants' request should be denied as premature and inappropriate.

      <u>Summary of relevant allegations.</u> Plaintiff Patrick Cramer has sued defendants individually, and as a representative of the estate of Gerald Cramer.[1]  The artist Alexander Calder ("Calder") sold *Eight Black Leaves* (the "Work") directly to Gerald Cramer in 1948.Cmplt. ¶ 35.  The work was exhibited by Gerald Cramer in his art gallery in Switzerland on repeated occasions after purchasing it from Calder in 1948.  *Id.*  Calder received a copy of Cramer Gallery Catalogue no. 6, 1950, which contained a photograph and description of the Work, in 1950, soon after its publication.  Cmplt. ¶ 36.  Despite this knowledge, Calder never questioned the authenticity of the Work, never challenged Gerald Cramer's status as the rightful

---

[1] Defendants have noted that Mr. Cramer has not filed any claims in his individual capacity and that he has not alleged that he is authorized to bring suit without joining his co-administrator Mrs. Tania Grand D'Hauteville.  Mr. Cramer's co-administrator has authorized this suit.  Defendants have not cited authority for dismissing the action based on this issue.  If this is, in fact, a ground for dismissal, the complaint can be easily amended without the need to engage in unnecessary motion practice.

purchaser and owner of the Work, never asked Gerald Cramer to return the work. *Id.* The recent assertion that the Work is a mere fragment of a larger work was never previously made—not by Calder, nor by his estate, nor by the Calder Foundation. Cmplt. ¶ 1.

*Thome* is not applicable to the instant case The First Department decision in *Thome v. The Alexander & Louisa Calder Foundation*, 70 A.D.3d 88, 890 N.Y.S.2d 16 (1st Dep't 2009) is predicated on factual allegations which are inapplicable to the instant case. In *Thome* the plaintiff sought inclusion in the Calder Foundation's catalogue raisonné – relief not sought by plaintiff in the instant action. The alleged work in *Thome* was acknowledged by the plaintiff to be a recreated stage set -- not a typical Calder work – which was a collaborative work involving an outside architect hired to prepare working plans in 1975 in connection with the recreation of a set originally conceived in 1936. The *Thome* court explained that determining the authentication of artwork "depends chiefly on the scholarship of art experts." *Id.* at 99. By contrast, in the instant case, plaintiff alleges – and defendants have acknowledged – that the Work was created by Calder, is authentic and was purchased by Gerald Cramer in 1950. Cmplt. ¶¶ 34-39. Plaintiff's request for an inventory number -- not inclusion in the catalogue raisonné – under the facts alleged herein is not governed by the *Thome* decision. The issue here is not whether the work is authentic -- it is. The issue is whether or not a self-interested Foundation can deviate from its normal practice of assigning an inventory number for a work that is indisputably authentic. Cmplt. ¶¶ 46-48.

Contrary to defendants' interpretation, *Thome* actually confirms the viability of plaintiff's claim for product disparagement. *Id.* 70 A.D.3d at 106 ("…as a practical matter the denial of authenticity is arguably indistinguishable from a direct assertion of inauthenticity."). *see also*, *Kirby v. Wildenstein*, 784 F.Supp. 1112, 114 (S.D.N.Y. 1992); *Hahn v. Duveen*, 133 Misc. 871, 234 N.Y.S. 185 (1929) (product disparagement has been applied in cases involving assertions that artwork was inauthentic or forged).

Defendants' self-serving assertion that the statute of limitations on the product disparagement claim began running 60-days from June 6, 2012, is not supported by the decision in *Thome*, nor by the facts of this case. Defendants' initial responses to plaintiff's request for issuance of an inventory number were so confusing and convoluted that they cannot be deemed a denial of the request. Indeed, defendants' April 28, 2014 letter to the court states that "[t]he Foundation will deny that it refuses to provide a registration number to the estate…" Defendants cannot deny their refusal to provide an inventory number, while, at the same time, claiming that the request for an inventory number must be deemed as denied more than one year prior to the filing of the complaint. The ambiguity in defendants' prior responses to plaintiff's inquiries precludes dismissal on statute of limitations grounds.

Defendants' assertions of a negligible market share are unproven and premature

Defendants' seek dismissal of federal and state anti-trust claims based on arguments that they own a negligible share of the sub-market for Calder works. These conclusory statements

are based in information solely within the knowledge of the defendants.  While a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that a plaintiff can prove no set of facts which would entitle him to relief," dismissing an antitrust claim on the pleadings is even more stringent because "the proof often is in the hands of alleged conspirators, and dismissals prior to giving plaintiff ample opportunity for merit-based discovery. *Daniel v. American Bd. Of Emergency Medicine*, 988 F.Supp. 112, 122 (W.D.N.Y. 1997) (citing *Hospital Building Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 746 (1976) (quotations omitted)).  *See also Anchor Wall Systems, Inc. v. Rockwood Retaining Walls, Inc.*, 2007 WL 4465195, *5 (D. Minn. Dec. 18, 2007) (pleadings should be "granted sparingly and with caution); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Sec. 1349 (1969)).  Thus, it is inappropriate to dismiss based on defendants' self-serving speculation as to their market share.  The facts alleged establish that the Calder Foundation has reported on its tax returns more than 22,000 Calder works registered worth $335 million.  The actual holdings and actual value of works owned by the Calder Foundation, the Calder Estate, and persons in control of the foundation and/or estate, should be the subject of discovery.

### The claims solely against the estate of Calder

The valid sale of the Work directly from Calder to Gerald Cramer has been alleged.  It is not only plausible, but it is acknowledged by defendants who now assert that they will provide a registration number[2] – something that they would not do if there was a question as to valid ownership.  Plaintiff has alleged that Calder made statements in 1948 representing *Eight Black Leaves* to be an authentic sui generis work of art.  The subsequent correspondence is pleaded and, is a matter of record.  Dismissal is premature and inappropriate as all claims are supported by plausible, well-pleaded allegations.

### Conclusion

For the reasons stated above, plaintiff respectfully requests denial of defendants' request for permission to file a motion to dismiss.

Respectfully submitted,
EATON & VAN WINKLE LLP

By _____/s/_____
Michael A. Lacher.
Adam J. Rader

Cc: Patterson, Belknap Webb & Tyler (Attn: William F. Cavanaugh, Jr.)

---

[22] Defendants now assert that they will provide a registration number "with a notation that it believes that the mobile is only a fragment of a larger Calder work."  This is unacceptable as it would impair the value of a Work purchased directly from Calder as a complete piece.  Nonetheless, the Calder Foundation would not agree to provide a registration number of any type if it questioned the validity of plaintiff's ownership and possession of the Work.